Nebeker, Senior Judge, dissenting:
I am unable to convince my colleagues that the precedents they rely on should not apply to the facts of this case because the assault on petitioner, a criminal offence, is vastly different from what is *216 known as sexual harassment. That difference also lies not only in that, but that she is punished by a reduction in an annuity for the rest of her life, as distinguished from workman's compensation in lieu of a common law remedy.
"For private sector workers, injuries from sexual harassment are not compensable in workers' compensation and the courts remain open to common law claims, Underwood , 665 A.2d at 638, and a similar rule applies for most public sector workers, King [v. Kidd ], 640 A.2d [656] at 664 [ (D.C. 1993) ]. Only police officers and firefighters alleging sexual harassment would be relegated to the exclusive and limited remedies of workers' compensation. In the absence of any legislative intent or apparent rationale supporting this distinction, our decision in Underwood precludes us from causing this arbitrary and anomalous result. We therefore hold that injuries from sexual harassment are not injuries incurred 'in the performance of duty' under D.C. Code §§ 5-709 (b) and - 710 (e)." Nunnally , 184 A.3d at 863.
Although the majority has some concerns about police officers and firefighters being treated differently, we also should recognize that the PFDRA serves as the worker's compensation plan for the District's police officers and firefighters. In light of their differing work environment and experiences, could we not make the argument that a different scheme would be appropriate? Many other jobs do not demand the close quarters and long hours where one is expected to eat and sleep on the job on a regular basis.
While the majority expresses concern that McCrea would be forced to settle for compensation that inadequately addresses her injury, why is the court complacent with McCrea receiving a reduction in an annuity for the remainder of her life because of its characterization of her injury?
Additionally, I continue to struggle with the majority's comparison of sexual harassment and sexual assault. While both types of behavior cause harm to the victim, I believe the resulting trauma can be very different. In looking at the D.C. Human Rights Law, Council's intent is specified as follows, "It is the intent of the Council of the District of Columbia, in enacting this chapter, to secure an end in the District of Columbia to discrimination for any reason other than that of individual merit, including, but not limited to, discrimination by reason of race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, status as a victim of an intrafamily offense, and place of residence or business." ( D.C. Code § 2-1401.01 ). While the Human Rights Law may be equipped to handle sexual harassment that occurs in the workplace, a sexual assault committed in the workplace while an employee is in performance of her duties seems altogether different.
What if we alter the facts slightly: What if McCrea was stabbed with a knife instead of being sexually assaulted. This stabbing would constitute assault with the intent to kill. Where would we require her to seek her relief? I am not saying that a stabbing is related to any work task, but I question what remedy would be available to her in light of this holding.